**Darrell Norman ARMSTRONG, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44153.**

Court of Criminal Appeals of Texas.

Nov. 2, 1971.

Cecil Kuhne, Lubbock, for appellant.

Blair Cherry, Jr., Dist. Atty., Lubbock, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from an order revoking probation. Appellant pled guilty on April 20, 1970, to the offense of robbery by firearms and his punishment was set at ten years, probated, by a jury.

One of the terms and conditions of the probation was:

"1. Commit no offense against the laws of this or any other State, or the United States."

On July 20, 1970, the State filed a motion to revoke probation alleging, among other violations of the terms of the probation, that:

"On or about the 3rd day of July 1970, Darrell N. Armstrong did take corporeal property to wit; gasoline of the value of over $5.00 and under the value of $50.00, the same being the corporeal personal property of Mrs. Jimmie Lovelace, here and after called owner, without the consent of the said owner and with the intent to appropriate it to the use and benefit of him said, Darrell N. Armstrong."

The State also alleged that appellant had pled guilty and was convicted of the lesser included offense of theft under $5.00 in connection with the aforementioned occurrence.

 The issue before this Court in cases of this type is whether the trial court abused its discretion in revoking the probation, e. g., Branch v. State, 465 S.W.2d 160 (Tex.Cr.App.1971); Patton v. State, 450 S.W.2d 856 (Tex.Cr.App.1970); Pitts v. State, 442 S.W.2d 389 (Tex.Cr.App.1969).

We feel that there was no abuse of discretion by the trial court.

Appellant contends that he was induced to enter a plea of guilty to the offense of theft under five dollars upon the representation of the county judge and county clerk that such misdemeanor charge, did not constitute a crime or offense against the laws of this State within the meaning of the terms and conditions of his probation. For this reason, he contends that the trial court abused its discretion in revoking the probation for violation of the condition set out above.

This Court has held that a conviction for an offense is not required as a proper basis for revocation of probation under this allegation. Hall v. State, 452 S.W.2d 490 (Tex.Cr.App.1970); Hulsey v. State, 447 S.W.2d 165 (Tex.Cr.App.1969).

In the instant case, at his revocation hearing, appellant admitted taking the gasoline. The State also called as a witness a police officer who testified that he saw appellant standing at the scene of the theft with a rubber hose leading from the gasoline tank of Mrs. Lovelace's truck to his car. Mrs. Lovelace also testified that she saw appellant prowling around her truck at about 2:30 in the morning, and that she called the police. She stated that the tank, which had been full prior to the occurrence, was empty the following morning.

In view of this evidence, we feel that the State sufficiently established that appellant had violated the first condition of his probation. See Hall v. State, supra. The trial court did not abuse its discretion in revoking the probation.

Since this violation is sufficient, by itself, to justify the trial court's action, we need not consider appellant's remaining contentions which relate to other alleged violations of the conditions of probation.

The judgment is affirmed.