**610**

Peevy June **LEWIS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44908.

Court of Criminal Appeals of Texas.

Feb. 23, 1972.

Rehearing Denied April 5, 1972.

Holt & Tatum by Marion G. Holt, Nacogdoches, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an appeal from an order revoking probation.

On February 2, 1970, appellant pled guilty before the court to the offense of murder with malice. The punishment was assessed at ten years, but the imposition of sentence was suspended and appellant was granted probation.

Among the conditions of probation was the requirement that the appellant "(2) commit no offense against the laws of this or any other State * * *."

On June 2, 1970, the State filed a motion to revoke probation alleging that appellant:

"1. Did on or about the 30th day of May, 1971, in Nacogdoches County and State of Texas, did then and there unlawfully drive and operate a motor vehicle, to-wit: an automobile, upon a public road while under the influence of intoxicating liquor.

"2. Did on the 30th day of May, 1971, in Nacogdoches County and the State of Texas, did then and there unlawfully commit an aggravated assault in and upon Archie McKnight, the said Archie McKnight then and there being a police officer employed by the City of Nacogdoches in Nacogdoches County and the State of Texas, and then and there in the lawful discharge of the duties of a police officer, and the said Peevy June Lewis then and there being informed and knowing that the said Archie McKnight was then and there an officer discharging an official duty."

After a hearing, the court revoked probation.

Appellant raises two complaints, both of which relate to alleged abuse of discretion

by the trial court. Appellant contends the State failed to prove that the appellant was driving an automobile while under influence of intoxicating liquor and that the evidence is insufficient to show that the appellant committed an aggravated assault upon a peace officer.

 The only issue before the court, in cases of this type, is whether the trial court abused its discretion in revoking the probation. Farmer v. State, Tex.Cr.App., 475 S.W.2d 753 (1972); Armstrong v. State, Tex.Cr.App., 472 S.W.2d 150; Branch v. State, Tex.Cr.App., 465 S.W.2d 160.

Officer McKnight testified that on May 30, 1971, while dressed in police uniform and in a police car, he saw appellant's vehicle coming down First Street in Nacogdoches in a "fast manner and zig-zagging on the roadway." The officer's first attempt to stop appellant was to no avail. A road block was set up at an intersection where Officer McKnight stood in the roadway with flashlight in hand. Appellant upon approaching the intersection gunned his vehicle and struck one of the officer's boots with his automobile. A shot was fired at appellant's vehicle and another police car pursued appellant until he ran his car into a ditch and turned over. Officer McKnight saw appellant at the scene of the wreck and stated that he smelled alcoholic beverage on appellant's breath and expressed the opinion that appellant was intoxicated. Officer Shipley testified that he chased appellant's vehicle on the occasion in question and that appellant's vehicle was zig-zagging all over the road at speeds from 75 to 90 miles an hour.

Dr. Taylor testified he treated appellant at the hospital after the wreck and, while appellant had the smell of liquor on his breath, he could not be certain whether appellant was intoxicated without a blood sample of the level of alcohol.

The evidence is sufficient to show that appellant violated the condition of the probation that appellant "commit no offense against the laws of this State."

Finding no abuse of discretion, the judgment is affirmed.

Opinion approved by the Court.