Frank Gonzales **MARTINEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46802.

Court of Criminal Appeals of Texas.

May 1, 1973.

Rehearing Denied May 23, 1973.

Allen Harp, Childress, for appellant.

Guy Hardin, Dist. Atty., Pampa, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

On July 21, 1970, appellant was convicted of murder without malice under the provisions of Article 802c, Vernon's Ann.P.C., and assessed a punishment of five years but was placed on probation as a result of the jury's recommendation. One probationary condition imposed by the court was that the appellant "commit no offense against the laws of this State or any other State or of the United States."

On April 27, 1972, a motion to revoke was filed and on May 3, 1972 the court conducted a hearing on such motion at the conclusion of which the court revoked probation finding that the appellant had violated a "State law" by operating a motor vehicle upon a public road while intoxicated. Sentence was then imposed.

On appeal, the appellant contends the court abused its discretion in revoking probation in that the motion to revoke did not, in fact, allege a violation of his probationary conditions.

The motion, in part, alleged that the appellant had " . . . since his conviction, and during the term of his said Probation, violated . . . the State law in that he has been apprehended and charged by the State with being intoxicated in a public place and operating a motor vehicle while intoxicated. . . ."

In Rutledge v. State, 468 S.W.2d 802, 804 (Tex.Cr.App.1971), this court wrote:

"It is well establishd that the fact of an arrest, standing alone, is not sufficient to support a revocation of probation based upon a claim that the probationer has violated a penal statute contrary to the conditions of his probation. Ex parte Gomez, Tex.Cr.App., 241 S.W.2d 153. And the mere fact that a formal complaint has also been filed does not change the rule. Flores v. State, 169 Tex.Cr.R. 2, 331 S.W.2d 217; Wicker v. State, Tex.Cr.App., 378 S.W.2d 332."

Inasmuch as the motion did not allege the commission of an offense, it leaves much to be desired, but we fail to find where the appellant objected and questioned the allegations at any time in the trial court. He raises the sufficiency of the motion for the first time on appeal. This he cannot do. Guinn v. State, 163 Tex.Cr.R. 181, 289 S.W.2d 583 (1956); Kinard v. State, 477 S.W.2d 896 (Tex.Cr.App.1972); Vance v. State, 485 S.W.2d 580 (Tex.Cr.App.1972); Flournoy v. State, 481 S.W.2d 898 (Tex.Cr.App. 1972); Blackshire v. State, 464 S.W.2d 108 (Tex.Cr.App.1971). See also Balli v. State, 460 S.W.2d 424 (Tex.Cr.App.1970) (concurring opinion); Gamble v. State, 484 S.W.2d 713, 714 (Tex.Cr.App.1972) (footnote #1); Wilcox v. State, 477 S.W.2d 900, 901 (Tex.Cr.App.1972) (footnote #1). Cf. Campbell v. State, 456 S.W.2d 918 (Tex.Cr.App.1970) (where the motion was questioned in the trial court).

Further, we observe that the State offered proof that the appellant was guilty of driving a motor vehicle upon a public highway while intoxicated. We find no abuse of discretion and appellant's first contention is overruled. See Rutledge v. State, supra.

■ Next, appellant advances the contention that, since the probationary condition violated was the prohibition against the commission of a penal offense, he was first entitled to a jury trial with reference to such offense prior to a hearing on the motion to revoke probation. Appellant's contention is without merit. This court has repeatedly examined such contention and consistently held that probation may be revoked upon a finding by the court that the terms of probation have been violated and no necessity exists for there first to be a trial and a valid conviction for the offense which is the basis of the revocation. Hulsey v. State, 447 S.W.2d 165, 167 (Tex.Cr.App.1969); Hall v. State, 452 S.W.2d 490, 493 (Tex.Cr.App.1970), and cases there cited. Armstrong v. State, 472 S.W.2d 150, 151 (Tex.Cr.App.1971); Farmer v. State, 475 S.W.2d 753 (Tex.Cr.App.1972); Vance v. State, 485 S.W.2d 580, 582 (Tex.Cr.App.1972); Irby v. State, 475 S.W.2d 918 (Tex.Cr.App.1972); Mason v. State, 473 S.W.2d 15 (Tex.Cr.App.1971), and Aguilar v. State, 471 S.W.2d 58 (Tex.Cr.App.1971).

The judgment is affirmed.