Charles DAVIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–83–00108–CR.

Court of Appeals of Texas,
San Antonio.

July 25, 1984.

---

1. References are to Texas Family Code Annotated unless otherwise noted.

David R. Weiner, San Antonio, for appellant.

Linda C. Anderson, Asst. Dist. Atty., San Antonio, for appellee.

ESQUIVEL, Justice.

This is an appeal from an order revoking probation.

Appellant was convicted upon his plea of guilty for the offense of burglary of a building. He was sentenced to three years' confinement and required to pay a fine of $500.00. The court suspended the imposition of the sentence and placed him on probation. One of the conditions of his probation, Condition Number 1, stated that he "not commit nor be convicted of any offense against the laws of this State...." During the period of probation the State filed a Motion to Revoke Probation alleging therein two violations of Condition Number 1, to-wit: (1) that he committed the offense of murder on June 6, 1982; and (2) that he committed the offense of burglary of a habitation on the same date. After a hearing the court entered an order revoking his probation finding "that the evidence sustained the violations alleged of Condition Number 1, in the Motion to Revoke Probation, the same being violations of the conditions of probation."

On the date of the revocation hearing, appellant and his attorney, the same attorney who had represented him at the trial of the collateral murder case, appeared in open court before the same judge who had heard the evidence in the collateral murder case wherein he was found guilty of murder under the law of parties on October 30, 1982. Prior to proceeding with the revocation hearing the court overruled appellant's motion for new trial in the collateral murder case, cause number 82–CR–2823–A. Thereafter the record reflects the following colloquy between the trial court, Mr. Griffin (appellant's attorney), and defendant (appellant):

THE COURT: ... The way that I propose we handle that is, if there is no objection to the agreement between all parties, what I understand what he proposes to do is he proposes to enter a plea of not true to the charges that have been brought against him?

MR. GRIFFIN: Yes, sir. To preserve his rights.

THE COURT: All right. And it is agreeable that I can take judicial notice of the case in 82–CR–2823–A. That if I do so I will find he has violated the terms of his probation. Your plea to the Motion to Revoke your probation in 81–CR–3086 is not true?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. Then I am going to take judicial notice of the papers in cause 82–CR–2823–A. I am going to revoke your probation and sentence you to serve three years in the Texas Department of Corrections, drop the fine, no more fine, run the sentence concurrent with the time that you have got in the previous case, so that the

two run together. That disposes of that....

\* \* \* \* \* \*

■ Appellant alleges in his sole ground of error that "the evidence is insufficient to support the order revoking probation." In appeals of this type, this court's review is limited to a determination of abuse of discretion. *Barrientez v. State,* 500 S.W.2d 474 (Tex.Crim.App.1973); *Hilton v. State,* 443 S.W.2d 844 (Tex.Crim.App.1969); *Campbell v. State,* 427 S.W.2d 621 (Tex. Crim.App.1968). In order to preserve appellant's right of appeal we will consider his ground of error as an allegation of an abuse of discretion in that the evidence is insufficient to support the order of revocation.

In support of his contention that the evidence is insufficient to support revocation, appellant presents us with two reasons: "First, the trial judge did not take judicial notice of the evidence in 82–CR–2823–A, only the papers; therefore, the State may only rely on those papers to support revocation, not on the evidence adduced in the companion [sic] case. Second, if the other case is reversed for insufficient evidence, as appellant has contended, then this case must also be reversed because of the trial court's reliance on the conviction, rather than the evidence, as his support for revoking probation." In answer to his second reason, we point out that the State here did not rely upon the previous conviction as the basis for its application to revoke the probation. Both the Motion to Revoke Probation and the Order were worded to the effect that appellant committed the offense of murder and the offense of burglary.

Thus the State sought to allege and prove the commission, not the conviction, of either the murder offense and/or the burglary offense. We, therefore, conclude that the court did not rely upon appellant's "conviction" in the murder case or the burglary case upon which to base its revocation.

In his first reason, appellant concedes that the trial court could take judicial notice of the evidence presented during the trial of the collateral case but that it was not taking judicial notice of the evidence when it took judicial notice of "the papers" in the case. The distinction that appellant makes between "papers" and "evidence" lacks substance. It is apparent that the judge was referring to all that had transpired in the murder case only recently tried before him. We can reach no other conclusion but that the trial judge was acutely aware of the evidence in the murder case.[1]

■ We hold that the evidence used for revocation was sufficient to show the commission of the offense of murder and burglary and is set out in *Davis v. State,* No. 04–83–00107–CR, —— S.W.2d —— (Tex. App.—San Antonio 1984, no pet.) (not yet reported), this day decided.[2]

No abuse of discretion is shown; the judgment is affirmed.

---

1. Briefly, the evidence concerned the commission of the offense of murder during the commission of a burglary of a habitation. The accomplice witness clearly incriminated appellant. We note, however, that we have reversed the conviction of appellant in that cause for failure of the State to sufficiently corroborate the accomplice witness' testimony. See our opinion delivered this date in cause number 04–83–00107–CR.

2. As to the insufficiency of corroboration, *see Diaz v. State,* 516 S.W.2d 154 (Tex.Crim.App.

1974). The reversal of the murder conviction in no way affects our finding as to the validity of the revocation. *See Vaughn v. State,* 608 S.W.2d 237 (Tex.Crim.App.1980); *McDonald v. State,* 608 S.W.2d 192, 199 (Tex.Crim.App.1980). Revocation of probation may be based on the uncorroborated testimony of an accomplice witness. *Moreno v. State,* 476 S.W.2d 684 (Tex. Crim.App.1972). TEX.CODE CRIM.PROC.ANN. art. 38.14 is not applicable to revocation of probation hearings. *Howery v. State,* 528 S.W.2d 230 (Tex.Crim.App.1975).