ACCEPTED
06-14-00164-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
2/9/2015 10:47:26 AM
DEBBIE AUTREY
CLERK

**ORAL ARGUMENT WAIVED**

CAUSE NOS. 06-14-00164-CR

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
2/10/2015 10:47:26 AM
DEBBIE AUTREY
Clerk

IN THE

COURT OF APPEALS

SIXTH APPELLATE DISTRICT OF TEXAS AT TEXARKANA

_____

CHRISTOPHER NEAL McGONIGAL, Appellant

V.

THE STATE OF TEXAS, Appellee

_____

ON APPEAL FROM THE 6TH JUDICIAL DISTRICT COURT
RED RIVER COUNTY, TEXAS; HONORABLE ERIC CLIFFORD;
TRIAL COURT NO. CR01907

_____

# APPELLEE'S (STATE'S) BRIEF

_____

Val J. Varley, County and District Attorney
Red River County and District Attorney's Office
Red River County Courthouse
400 North Walnut Street
Clarksville, Texas     75426-4012
(903) 427-2009
(903) 427-5316 (Fax)

**ATTORNEYS FOR THE STATE OF TEXAS**

1

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Tex. R. App. P. 38.2(a)(1)(A), the list of parties and counsel is not required to supplement or correct the appellant's list.

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL                    2

TABLE OF CONTENTS                                  3

INDEX OF AUTHORITIES                               4

STATEMENT OF THE CASE                              7

STATEMENT REGARDING ORAL ARGUMENT                 8

INTRODUCTION                                       9

STATEMENT OF FACTS                                10

SUMMARY OF THE ARGUMENT                           15

ARGUMENT AND AUTHORITIES                          16

PRAYER                                            27

CERTIFICATE OF COMPLIANCE                         28

CERTIFICATE OF SERVICE                            28

# INDEX OF AUTHORITIES

**TEXAS CASES:**                                                    **PAGE(S):**

*Armstrong v. State*,
472 S.W.2d 150 (Tex. Crim. App. 1971).                          15-16, 18

*Barrientez v. State*,
500 S.W.2d 474 (Tex. Crim. App. 1973).                              23

*Bradley v. State*,
608 S.W.2d 652 (Tex. Crim. App. 1980).                              17

*Cardona v. State*,
665 S.W.2d 492 (Tex. Crim. App. 1984).                              16-17

*Chacon v. State*,
558 S.W.2d 874 (Tex. Crim. App. 1977).                              18

*Davis v. State*,
673 S.W.2d 956 (Tex. App.--San Antonio 1984, no pet.).              23

*Davidson v. State*,
422 S.W.3d 750 (Tex. App.--Texarkana 2013, pet. ref'd).             24

*Ellerbe v. State*,
80 S.W.3d 721 (Tex. App.--Houston [1st Dist.] 2002, pet. ref'd).    19-20

*Ford v. State*,
179 S.W.3d 203 (Tex. App.--Houston [14th Dist.] 2005, pet. ref'd),
*cert. denied*, 549 U.S. 922, 127 S. Ct. 281, 166 L. Ed. 2d 215 (2006).  25-26

*Jackson v. State*,
822 S.W.2d 18 (Tex. Crim. App. 1990) (en banc).                     26

*Lively v. State*,
338 S.W.3d 140 (Tex. App.--Texarkana 2011, no pet.).               17, 24

*Lund v. State*,
366 S.W.3d 848 (Tex. App.--Texarkana 2012, pet. ref'd).          25

*Martinez v. State*,
493 S.W.2d 954 (Tex. Crim. App. 1973).          18

*Martinez v. State*,
635 S.W.2d 762 (Tex. App.--Corpus Christi 1982, no pet.).          23

*Meyer v. State*,
366 S.W.3d 728 (Tex. App.--Texarkana 2012, no pet.).     16-17, 20-22, 24

*Moore v. State*,
11 S.W.3d 495 (Tex. App.--Houston [14th Dist.] 2000, no pet.).          17

*Osbourn v. State*,
92 S.W.3d 531 (Tex. Crim. App. 2002).          25

*Pierce v. State*,
113 S.W.3d 431 (Tex. App.--Texarkana 2003, pet. ref'd).          17-18

*Powell v. State*,
63 S.W.3d 435 (Tex. Crim. App. 2001).          25

*Prince v. State*,
503 S.W.2d 777 (Tex. Crim. App. 1974).          22

*Royale, Donald Oreste v. The State of Texas*,
No. 06-02-00170-CR, 2003 Tex. App. LEXIS 4787
(Tex. App.--Texarkana, June 6, 2003, pet. ref'd).          11

*Tucker v. State*,
751 S.W.2d 919 (Tex. App.--Fort Worth 1988, no pet.).          20

*Wright v. State*,
523 S.W.2d 704 (Tex. Crim. App. 1975).          24

**TEXAS CODE(S):**                                    **PAGE(S):**

Tex. Code Crim. Proc. Ann. art. 27.02(5) (Vernon 1989).    19-20

Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(1)(C).    11

Tex. Penal Code Ann. § 21.11 (West 2011).    10


**OTHER CODE(S):**                                    **PAGE(S):**

Kan. Stat. Ann. § 8-1567(a), (b)(1) (2007 Supp.).    21


**TEXAS RULES OF APPELLATE PROCEDURE:**    **PAGE(S):**

Tex. R. App. P. 9.4(i)(3).    28

Tex. R. App. P. 9.5.    28

Tex. R. App. P. 38.2.    8, 9

Tex. R. App. P. 38.2(a)(1)(A).    2

## STATEMENT OF THE CASE

This is an appeal from the trial court's judgment adjudicating guilt and revoking McGonigal's community supervision. *See* CR, pgs. 118-119.

A grand jury in Red River County returned an original indictment that charged McGonigal with the felony offense of indecency with a child. *See* CR, pgs. 9-10. Subsequently, the trial court signed an order of deferred adjudication. *See* CR, pgs. 65-66. Later, the State filed a motion to proceed with adjudication, which was resolved by a contested hearing, and the trial court signed an order continuing probation and modifying the terms of probation. *See* CR, pgs. 102-103.

On May 9, 2014, McGonigal allegedly committed an offense of driving under the influence of drugs or alcohol in Montgomery County, Kansas; and the State filed another motion to proceed with adjudication. *See* CR, pgs. 109-112. After a hearing, the trial court revoked McGonigal's community supervision and sentenced him to 20 years in the Texas Department of Criminal Justice, Institutional Division. *See* RR, pg. 18.

From the trial court's final judgment adjudicating guilt (CR, pgs. 118-119), McGonigal filed his notice of appeal. *See* CR, pg. 123. By this appeal, McGonigal brought two (2) issues/points of error.

## STATEMENT REGARDING ORAL ARGUMENT

The State will waive oral argument in the above-styled and numbered appellate cause. *See* Tex. R. App. P. 38.2(a).

CAUSE NO. 06-14-00164-CR

IN THE

COURT OF APPEALS

SIXTH APPELLATE DISTRICT OF TEXAS AT TEXARKANA

_____

CHRISTOPHER NEAL McGONIGAL, Appellant

V.

THE STATE OF TEXAS, Appellee

_____

ON APPEAL FROM THE 6TH JUDICIAL DISTRICT COURT
RED RIVER COUNTY, TEXAS; HONORABLE ERIC CLIFFORD;
TRIAL COURT NO. CR01907

_____

# APPELLEE'S (STATE'S) BRIEF

_____

COMES NOW, the State of Texas, by and through the elected County and District Attorney of Red River County, Val J. Varley, and the County and District Attorney's Office of Red River County, files this Appellee's Brief in accordance with Rule 38.2 of the Rules of Appellate Procedure.

Unless otherwise indicated, Christopher Neal McGonigal will be referred to as "McGonigal" or "the appellant." The State of Texas will be referred to as "the State" or "the appellee."

## STATEMENT OF FACTS

### The Trial Court Placed McGonigal on Deferred Community Supervision, But the State Filed a Motion to Proceed with Adjudication.

On September 27, 2012, a grand jury in Red River County returned an original indictment that charged McGonigal with the second-degree felony offense of indecency with a child. *See* CR, pgs. 9-10. *See* Tex. Penal Code Ann. § 21.11(a)(1), (d) (West 2011) (an offense under Subsection (a)(1) is a felony of the second degree)). In due course, McGonigal voluntarily entered a plea of guilty on February 19, 2013 to the offense of indecency with a child by contact. *See* RR, pgs. 6-7.

On February 19, 2013, the trial court signed its order of deferred adjudication. *See* CR, pgs. 65-66. McGonigal received a deferred probation for 10 years. *See* RR, pg. 7. On the same day, the trial court also signed its order imposing conditions of community supervision. *See* CR, pgs. 67-70. As pertinent to this appeal, the trial court ordered McGonigal to comply with the following condition[] of community supervision:

> 1. Defendant shall commit no offense against the laws of this or any State or of the United States or any other Country. Defendant shall notify the Community Supervision Officer in charge of the case within forty eight (48) hours of being arrested and/or charged with a criminal offense.

*See* CR, pg. 67.

On January 14, 2014, the State filed a motion to proceed with adjudication. *See* CR, pgs. 72-80. After a contested hearing, the trial court signed its judgment adjudicating guilt on February 13, 2014. By this judgment of conviction (CR, pgs. 92-93), the trial court sentenced him to nine (9) years in the Texas Department of Criminal Justice--Institutional Division but suspended that sentence and continued him on probation for nine (9) years with a jail sanction of 31 days and other terms and conditions of community supervision. *See* CR, pgs. 92-93; 94-97.

On February 13, 2014, the State realized that the trial court could not order "Adjudication Probation"[1] and filed a motion for new trial. *See* CR, pgs. 99-100. *See also* Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(1)(C) (limitation on judge ordered community supervision to a defendant adjudged guilty under section 21.11(a)(1), Penal Code). On the same day, the trial court signed an order approving new trial. *See* CR, pg. 101.

On February 19, 2014, the trial court signed an order continuing probation and modifying the terms of probation. *See* CR, pgs. 102-103.

**The State Filed Another Motion to Proceed with Adjudication.**

---

[1] *See Donald Oreste Royale v. The State of Texas*, No. 06-02-00170-CR, 2003 Tex. App. LEXIS 4787, at * 8 (Tex. App.--Texarkana, June 6, 2003, pet. ref'd) (Morriss, C.J.) (It is only once those defendants are formally found guilty of committing such an offense that they become ineligible for judge-granted community supervision.).

On June 2, 2014, the State filed another motion to proceed with adjudication. *See* CR, pgs. 109-112. By this motion, the State alleged the following:

I.

Petitioner would show unto the Court that the Defendant, Christopher Neal McGonigal, has willfully violated the terms of said probation in that the said Christopher Neal McGonigal committed the offense of Driving under Influence of Alcohol or Drugs on or about May 9, 2014 in Montgomery County, KS.

*See* CR, pg. 109.

**Revocation Hearing.**

On August 28, 2014, the trial court called cause number CR01907, and the State read the allegation in the motion (RR, pgs. 5, 7), and McGonigal entered a plea of "not true." *See* RR, pg. 5.

As its first witness, the State called Miranda Dean (Dean), a probation officer in Red River County, who was familiar with McGonigal and identified him in open court. *See* RR, pg. 6. Subsequently, the State showed Dean what's been marked as State's Exhibit 1, and she was "not familiar with that document." *See* RR, pg. 7. Dean later stated, "Defendant Acknowledgement of Rights and Entry of Plea." *See* RR, pg. 8.

The State then offered State's Exhibit 1 into evidence. *See* RR, pg. 8. Through defense counsel, McGonigal objected to the entire document as

hearsay and "no proper predicate." *See* RR, pg. 8. The State responded. *See* RR, pgs. 8-9. The trial court admitted State's Exhibit 1. *See* RR, pg. 9.

As its second witness, the State called Alex Davidson (Davidson), an investigator with the County and District Attorney's office of Red River County. *See* RR, pg. 13. Davidson testified that he contacted the Montgomery County Sheriff's Office and requested a book-in photograph of McGonigal. *See* RR, pg. 13. Once proffered by the State, the trial court admitted State's Exhibit 2. *See* RR, pgs 14-15.

Following the testimony from Davidson, the State rested. *See* RR, pg. 17. Through his counsel, McGonigal rested. *See* RR, pg. 17. Afterwards, the trial court did find "by a preponderance of the evidence that the Defendant has violated the terms and conditions of his community supervision." *See* RR, pg. 17. The trial court revoked his community supervision and did find McGonigal guilty of the felony offense of indecency with a child. *See* RR, pg. 17.

The trial court then inquired, "Do you have any evidence you want to put on on (sic?) sentencing Mr. Meehan or Mr. Varley, either one?" The State referenced the prior time "he was here" that the trial court remarked, "I remember that very well." *See* RR, pg. 18. Defense counsel for McGonigal stated, "Your Honor, the Defense has no evidence." *See* RR,

pg. 18.  The trial court then sentenced McGonigal to 20 years in the Texas Department of Criminal Justice, Institutional Division.  *See* RR, pg. 18.

On August 28, 2014, the trial court signed its Judgment Adjudicating Guilt.  *See* CR, pgs. 118-119.  On September 2, 2014, McGonigal filed his notice of appeal.  *See* CR, pg. 123.  On September 11, 2014, the trial court signed its certification of the defendant's right of appeal.  *See* CR, pg. 125.

**<u>Proceedings in this Court of Appeals.</u>**

On or about September 10, 2014, McGonigal filed his notice of appeal in this Court.  On October 27, 2014, the official court reporter filed the Reporter's Record.  On October 28, 2014, the District Clerk of Red River County filed the Clerk's Record.

After this Court granted the first motion for extension of time, McGonigal filed his brief on or about January 8, 2015.  The State will be filing its brief on February 9, 2015.

## SUMMARY OF THE ARGUMENT

In the present case, the State's motion to proceed with adjudication was worded to the effect that appellant committed an offense. *See* CR, pg. 109. As worded, a conviction for an offense was not required as a proper basis for the trial court's revocation of probation. *See Armstrong v. State*, 472 S.W.2d 150, 151 (Tex. Crim. App. 1971).

To prove McGonigal committed an offense, the State proffered, and the trial court, admitted State's Exhibits 1 and 2. Taken together, the exhibits, along with the testimony from Dean and Davidson, provided sufficient evidence to support the trial court's finding that McGonigal committed an offense in violation of condition # 1 that "Defendant shall commit no offense against the laws of this or any State or of the United States or any other Country." *See* CR, pg. 67. In conclusion, the trial court did not abuse its discretion because the revocation order was supported by a preponderance of the evidence. The appellant's, McGonigal's, first issue/point of error should be overruled.

As for McGonigal's second issue/point of error, the trial court did not abuse its discretion in admitting State's Exhibit 2 because the jail record was admissible as a business record. The two (2) issues/points of error should be overruled, and the final judgment of conviction should be affirmed.

## ARGUMENT AND AUTHORITIES

**ISSUE PRESENTED IN REPLY NO. 1:** **THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN REVOKING THE APPELLANT'S COMMUNTIY SUPERVISION BECAUSE THE REVOCATION ORDER WAS SUPPORTED BY A PREPONDERANCE OF THE EVIDENCE.**

A.    **Introduction.**

With his first issue, McGonigal questioned whether the evidence was insufficient to support the trial court's judgment revoking his deferred adjudication community supervision and adjudicating him guilty of the underlying offense. *See* Appellant's Brief, pgs. 5, 12-18. However, a conviction for an offense was not required as a proper basis for the trial court's revocation of probation. *See Armstrong*, 472 S.W.2d at 151. The available evidence was sufficient; and therefore, the trial court did not abuse its discretion in revoking McGonigal's community supervision.

B.    **Standard of Review:   Abuse of Discretion.**

This Court should review for an abuse of discretion the trial court's decision to revoke community supervision. *See Meyer v. State*, 366 S.W.3d 728, 729 (Tex. App.--Texarkana 2012, no pet.). When the revocation order is supported by a preponderance of the evidence, the trial court does not abuse its discretion. *See id*. at 729-730. This Court should review the evidence in the light most favorable to the trial court's ruling. *See Cardona*

16

*v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)).  If a single ground for revocation is supported by a preponderance of the evidence and is otherwise valid, then an abuse of discretion is not shown.  *See Lively v. State*, 338 S.W.3d 140, 143 (Tex. App.--Texarkana 2011, no pet.).

This Court must respect the trial court's role in evaluating witness credibility, resolving conflicts in the evidence, and in drawing reasonable inferences from the evidence.  *See Meyer*, 366 S.W.3d at 730.  This Court must assume the trial court resolved evidentiary issues in a way that supports the judgment.  *See id.*

Where, as here, the State alleges a violation of the condition that a probationer refrain from committing an offense against the law, the State need not use the same precise terms as necessary in an indictment allegation. *See Pierce v. State*, 113 S.W.3d 431, 436 (Tex. App.--Texarkana 2003, pet. ref'd) (citing *Bradley v. State*, 608 S.W.2d 652, 655 (Tex. Crim. App. 1980)). At a hearing on an application to revoke probation, guilt or innocence is not at issue, and the trial court need not determine the defendant's original criminal culpability, only whether the probationer broke the contract made with the trial court to receive a probated sentence.  *See Pierce*, 113 S.W.3d at 436 (citing *Moore v. State*, 11 S.W.3d 495, 499 (Tex. App.--Houston [14th Dist.] 2000, no pet.)).  Revocation is proper if the evidence is sufficient to

support the trial court's finding that the probationer committed an offense in violation of the condition of probation that he or she commit no offense against state or federal law. *See Pierce*, 113 S.W.3d at 436-37 (citing *Chacon v. State*, 558 S.W.2d 874, 876 (Tex. Crim. App. 1977)).

The Texas Court of Criminal Appeals has held that a conviction for an offense is not required as a proper basis for revocation of probation under the allegation that the appellant "commit no offense against the laws of this or any other State, or the United States." *See Armstrong*, 472 S.W.2d at 151. "[P]robation may be revoked upon a finding by the court that the terms of probation have been violated and no necessity exists for there first to be a trial and a valid conviction for the offense which is the basis of the revocation." *See Martinez v. State*, 493 S.W.2d 954, 955 (Tex. Crim. App. 1973).

C.      **<u>Sufficient Evidence Supported the Trial Court's Judgment.</u>**

In the present case, the appellant complained that the "plea document" contained no evidence of McGonigal's guilt. *See* Appellant's Brief, pgs. 12-13. In his brief, McGonigal alleged that the document (i.e. State's Exhibit 1) failed to show that he committed the alleged offense for several reasons. *See* Appellant's Brief, pg. 13. The State will respond to each of these reasons, as numbered below.

### 1.    __McGonigal's "Type of Plea" Was Inconsequential.__

As his first reason, McGonigal contended in his brief that the "Defendant's Acknowledgement of Rights and Entry of Plea" (State's Exhibit 1) did not "show what plea McGonigal entered in the case." *See* Appellant's Brief, pg. 13.   However, that "showing" was inconsequential.

Under Texas law, the legal effect of a plea of nolo contendere is "the same as that of a plea of guilty." *See Ellerbe v. State*, 80 S.W.3d 721, 723 (Tex. App.--Houston [1ˢᵗ Dist.] 2002, pet. ref'd) (citing Tex. Code Crim. Proc. Ann. art. 27.02(5) (Vernon 1989)).   Article 27.02(5) of the Texas Code of Criminal Procedure provided that "[a] plea of nolo contendere, the legal effect of which shall be the same as that of a plea of guilty, except that such plea may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based." *See* Tex. Code Crim. Proc. Ann. art. 27.02(5) (Vernon 1989)).

In *Ellerbe*, the court of appeals explained that the only difference between a plea of guilty and a plea of nolo contendere is that a plea of nolo contendere may not be used against a defendant as an admission in any civil suit based upon or growing out of the act upon which the underlying criminal complaint was based. *See Ellerbe*, 80 S.W.3d at 723.   In *Ellerbe*, the court of appeals also explained that a plea of nolo contendere does not

relieve a defendant from having to admit to the commission of an offense. *See id.*

As applied here, the "type of plea" was inconsequential because even a plea of nolo contendere, as McGonigal suggested in his brief, did not relieve him from having to admit to the commission of an offense. *See id*; Tex. Code Crim. Proc. Ann. art. 27.02(5) (Vernon 1989). Further, it was presumed that the law of Kansas was the same as in Texas absent proof to the contrary. *See Tucker v. State*, 751 S.W.2d 919, 925 (Tex. App.--Fort Worth 1988, no pet.). Here, there was no proof to the contrary. Because the "type of plea" was inconsequential, State's Exhibit 1--"Defendant's Acknowledgements of Rights and Entry of Plea"--was some evidence that McGonigal "entered a plea" of some type, and that plea had the legal effect of him admitting to the commission of the offense. *See Ellerbe*, 80 S.W.3d at 723; Tex. Code Crim. Proc. Ann. art. 27.02(5) (Vernon 1989). From State's Exhibit 1, the trial court could have certainly drawn the reasonable inference that McGonigal's "entry of plea" was to admit to the commission of "DUI; 1st." *See* State's Exhibit 1. *See also Meyer*, 366 S.W.3d at 730 (trial court's role must be respected in evaluating witness credibility, resolving conflicts in the evidence, and in drawing reasonable inferences from the evidence).

Such an inference (i.e. McGonigal entered a plea to admit to the commission of "DUI; 1st") was further strengthened by State's Exhibit 2, the inmate booking sheet. *See* State's Exhibit 2. State's Exhibit 2 revealed McGonigal's arrest date of 05/09/2014 and a release date of 06/20/2014, a period of forty-two (42) days. *See* State's Exhibit 2. State's Exhibit 2 also revealed the "Agency" (KHP); the "Charge Date" (05/09/2014) and the "Charge" (8-1567    Driving  under  Influence  of  alcohol  or  drugs; Misdemeanor; STAT). *See* State's Exhibit 2. *See also* Kan. Stat. Ann. § 8-1567(a), (b)(1) (2007 Supp.).

2.    **The Trial Court Could Have Inferred that McGonigal Entered a Plea to the Misdemeanor Offense of "DUI; 1st".**

As his second reason, McGonigal argued in his brief that this exhibit (i.e. State's Exhibit 1) "does not show to what crimes McGonigal intended to plead no contest or guilty to." *See* Appellant's Brief, pg. 13. However, the trial court could have considered State's Exhibit 1 along with State's Exhibit 2, which revealed the charge ("8-1567   Driving under Influence of alcohol or drugs; Misdemeanor; STAT"), and drawn the reasonable inference that McGonigal entered a plea to the misdemeanor offense of "DUI, 1st." *Compare* State's Exhibit 1 *with* State's Exhibit 2. *See Meyer*, 366 S.W.3d at 730 (trial court's role must be respected in evaluating witness credibility, resolving conflicts in the evidence, and in drawing reasonable inferences

21

from the evidence).

### 3. The Trial Court Could Have Inferred that McGonagall "Actually Plead" to the Misdemeanor Offense of "DUI; 1st".

As his third reason, McGonigal argued in his brief that this exhibit (i.e. State's Exhibit 1) "does not show any proof that McGonigal actually plead to Driving Under the Influence or that his plea was accepted." *See* Appellant's Brief, pg. 14. Again, however, the trial court could have considered State's Exhibit 1 along with State's Exhibit 2 and, by comparison, drawn the reasonable inference that McGonigal entered a plea to the misdemeanor offense of "DUI, 1st." *Compare* State's Exhibit 1 *with* State's Exhibit 2. From State's Exhibit 2, the trial court could also have drawn the reasonable inference that McGonigal would have "actually plead" in exchange for a sentence of forty-two (42) days. *See* State's Exhibit 2.

### D. The "Appeal" by McGonigal Was Inconsequential.

Finally, McGonigal argued in his brief that the evidence was still insufficient because he appealed his conviction (for an unspecified offense). *See* Appellant's Brief, pg. 17 (citing *Prince v. State*, 503 S.W.2d 777 (Tex. Crim. App. 1974)). Unlike *Prince*, however, the State's motion to proceed with adjudication was based upon the commission of an offense, not a conviction. *See Barrientez v. State*, 500 S.W.2d 474, 475 (Tex. Crim. App. 1973) (The State did not rely upon the previous conviction as the basis for

22

its application to revoke the probation). *See also Davis v. State*, 673 S.W.2d 956, 958 (Tex. App.--San Antonio 1984, no pet.); *Martinez v. State*, 635 S.W.2d 762, 767 (Tex. App.--Corpus Christi 1982, no pet.).

In the present case, the State's motion to proceed with adjudication was worded to the effect that appellant *committed* the offense. *See Barrientez*, 500 S.W.2d at 475 (italics added in the opinion). Here, the State's motion specifically alleged the following:

## I.

> Petitioner would show unto the Court that the Defendant, Christopher Neal McGonigal, has willfully violated the terms of said probation in that the said Christopher Neal McGonigal committed the offense of Driving under Influence of Alcohol or Drugs on or about May 9, 2014 in Montgomery County, KS.

*See* CR, pg. 109.

Because the motion to proceed with adjudication was worded to the effect that McGonigal committed the offense, the State sought to allege and prove the commission, not the conviction, of the DUI offense. *See Barrientez*, 500 S.W.2d at 475. Therefore, the appeal in Defendant's Exhibit # 1 was inconsequential.

E. **<u>Conclusion</u>.**

Taken together, State's Exhibits 1 and 2 were sufficient to show a violation of the terms and conditions of McGonigal's community supervision. *See Wright v. State*, 523 S.W.2d 704, 705 (Tex. Crim. App.

1975) (Because such documents are not as a matter of law insufficient to show a violation of the terms of probation, but to the contrary may have been sufficient). In addition to State's Exhibits 1 and 2, the testimony from Dean and Davidson provided sufficient evidence to support the trial court's finding that McGonigal committed an offense in violation of condition # 1 that "Defendant shall commit no offense against the laws of this or any State or of the United States or any other Country." *See* CR, pg. 67. In conclusion, the trial court did not abuse its discretion because the revocation order was supported by a preponderance of the evidence. *See Davidson v. State*, 422 S.W.3d 750, 756 (Tex. App.--Texarkana 2013, pet. ref'd); *Meyer*, 366 S.W.3d at 729-30 (citing *Lively*, 338 S.W.3d at 143). Therefore, the appellant's first issue/point of error should be overruled.

**SECOND ISSUE PRESENTED IN REPLY NO. 2: THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN ADMITTING STATE'S EXHIBIT 2 BECAUSE THE JAIL RECORD QUALIFIED AS A BUSINESS RECORD.**

### A. **Introduction.**

With his second issue on appeal, McGonigal alleged that the trial court erred when it admitted State's Exhibit # 2 over defense objection because it was inadmissible hearsay evidence. *See* Appellant's Brief, pg. 19.

However, State's Exhibit 2 was a jail record, and was admissible because it qualified as a business record.

### B. **Standard of Review: Abuse of Discretion.**

This Court reviews a trial court's decision to admit or exclude evidence for abuse of discretion. *See*, *e.g.*, *Lund v. State*, 366 S.W.3d 848, 852 (Tex. App.--Texarkana 2012, pet. ref'd) (citing *Osbourn v. State*, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002)). If the trial court's decision to admit evidence is within the zone of reasonable disagreement, the trial court has not abused its discretion, and this Court must defer to that decision. *See id* (citing *Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001)).

### C. **Jail Records.**

The Court of Criminal Appeals has held that a defendant's jail records qualify as records made in the regular course of business. *See Ford v. State*,

179 S.W.3d 203, 209 (Tex. App.--Houston [14th Dist.] 2005, pet. ref'd), *cert. denied*, 549 U.S. 922, 127 S. Ct. 281, 166 L. Ed. 2d 215 (2006) (citing *Jackson v. State*, 822 S.W.2d 18, 30-31 (Tex. Crim. App. 1990) (en banc)). In *Ford*, the court of appeals held that disciplinary records were sterile recitations of appellant's offenses and the punishments he received for those offenses. *See Ford*, 179 S.W.3d at 209. The records did not contain statements that could be considered testimonial in nature. *See id*. Because the disciplinary records in *Ford* were not testimonial and fell within a recognized exception to the hearsay rule, the court of appeals concluded that the trial court did not abuse its discretion in admitting the evidence. *See id*.

Here, as in *Ford*, State's Exhibit 2 was a jail record that contained a sterile recitation of the appellant's offense ("DUI; 1st") along with McGonigal's photograph, his social security number, and his date of birth. *See* State's Exhibit 2. The jail record did not contain any statements that could be considered testimonial in nature. *See* State's Exhibit 2. Because the jail record was not testimonial and fell within a recognized exception to the hearsay rule, this Court should conclude that the trial court did not abuse its discretion in admitting the evidence. *See Ford*, 179 S.W.3d at 209; *Jackson*, 822 S.W.2d at 30-31. Therefore, the appellant's second issue/point of error should be overruled.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, the State of Texas prays that upon final submission without oral argument, this Court should affirm the trial court's final judgment in all other respects, adjudge court costs against the appellant and for such other and further relief, both at law and in equity, to which the State may be justly and legally entitled.

Respectfully submitted,

Val J. Varley, County and District Attorney
Red River County Courthouse
400 North Walnut Street
Clarksville, Texas     75426-4012
(903) 427-2009
(903) 427-5316 (fax)
valvarley@valornet.com


By:_/S/Val Varley_____
       Val J. Varley, County-District Attorney
       SBN# 20496580

**ATTORNEYS FOR THE STATE OF TEXAS**

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4(i)(3) of the Texas Rules of Appellate Procedure, the "State's Brief" was a computer-generated document and contained 4,772 words--not including the Appendix (not applicable here). The undersigned attorney certified that he relied on the word count of the computer program, which was used to prepare this document.

/s/Val Varley
Val J. Varley
valvarley@valornet.com

## CERTIFICATE OF SERVICE

This is to certify that in accordance with Tex. R. App. P. 9.5, a true copy of the "Appellee's (State's) Brief" has been served on the 9th day of February, 2015 upon the following:

Don Biard
McLaughlin, Hutchison & Biard
38 First Northwest
Paris, TX    75460

/s/ Val Varley
Val J. Varley
valvarley@valornet.com