**AFFIRMED and Opinion Filed March 1, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00371-CR**

**BRADLEY SHERMAN HAYCRAFT, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-83184-2017**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Breedlove
Opinion by Justice Breedlove

The trial court revoked appellant Bradley Sherman Haycraft's community supervision and subsequently convicted and sentenced him to 180 days in state jail. Appellant now appeals, complaining that the State's petition to enter a final adjudication of guilt was fundamentally defective. Concluding that appellant failed to preserve his complaint, we affirm the trial court's judgment.

## I.  BACKGROUND

Appellant was indicted for the state jail felony offense of possession of a controlled substance, and on January 25, 2018, appellant pleaded guilty to the

offense charged. The trial court found that the evidence substantiated appellant's guilt and placed him under deferred adjudication community supervision. On December 1, 2021, the State filed a petition to enter a final adjudication alleging that appellant committed three criminal offenses—violations of the Texas Securities Act[1]—while under community supervision.

Prior to the revocation hearing, appellant filed a "Motion to Quash the State's Motion to Adjudicate for Failure to Consider and Grant Early Termination of Community Supervision." He complained that the Court failed to consider and grant early termination of his community supervision in violation of Code of Criminal Procedure 42A.701(b). Appellant did not complain that the State's petition was fundamentally defective.

On March 17, 2022, appellant appeared for his probation revocation hearing and requested the trial court take up his motion to quash. The trial court noted on the record that the motion to quash did not appear to object to the contents of the State's petition and instead appeared to be a motion for early release. The trial court asked appellant's counsel several times what specifically it was that appellant was seeking to quash. The following exchange ensued:

---

[1] The State alleged three specific violations of the Texas Securities Act. At the time the State filed its petition to enter a final adjudication of appellant's guilt, the applicable statutory provisions were contained in the Revised Civil Statutes; effective January 1, 2022, the provisions were moved to the Government Code. *See* Act of May 21, 2019, 86th Leg., R.S., ch. 491, 2019 TEX. GEN. LAWS 1239 (current version at TEX. GOV'T CODE §§ 4007.201 *et seq.*

DEFENSE COUNSEL: Please the Court? I believe the statute specifically says and that is 42A.701 as well as B and D. It specifically says—and I hate to use the word with a district judge "shall" or "mandatory," because y'all don't have to do anything. I don't care what the law says. But it does use the word "shall." He has done more than one half of it. And there are certain mandatory matters from my understanding and my experience that the probation officer or supervision officer, if you will call her, must bring to you any malfeasance that Mr. Haycraft might have done. And that's specifically in the statute. And that's why I am saying quash. Does that make sense?

THE COURT: No. You quash a pleading. So their pleading on file is the State's Petition to Adjudicate. So if you're urging a Motion to Quash, presumably you would be attempting to quash their pleading right now, which is the Petition to Adjudicate. So when you're arguing a Motion to Quash, you're arguing some sort of deficiency within the pleading. And I haven't heard that. You keep taking me to this early release argument that we're not on yet. I'm simply on what are you seeking to quash within their Petition to Adjudicate?

DEFENSE COUNSEL: The whole motion itself. And I think the statute specifically says exactly what you are respectfully supposed to do. Not only you, but the probation officer.

Without a specific complaint about the sufficiency of the State's petition, the court proceeded to consider appellant's complaint about his entitlement to early release. The court rejected appellant's argument that code of criminal procedure article 42A.701 required appellant's discharge from community supervision. Accordingly, the court denied appellant's motion to quash.

The trial court then proceeded to hear evidence on whether adjudication of guilt was warranted based on subsequent violations of community supervision alleged in the State's petition. The trial court found that appellant had violated the

terms and conditions of community supervision as alleged by the State and proceeded to adjudication. The court found appellant guilty and sentenced him to 180 days in state jail.

Appellant appealed the trial court's sentence on August 15, 2022. In one issue, appellant complains that the State's petition was fundamentally defective and in violation of due process of law "for failing to properly and fully give notice to appellant as to the manner and means of his alleged violations of the terms and conditions of community supervision." In response, the State argues that even if the State's petition were defective, appellant failed to properly preserve the error for appellate review.

## II.     APPLICABLE LAW

To preserve error for appellate review, an appellant must show that he objected in the trial court and that his objection "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). The issue on appeal must comport with the objection made at trial. *Id.* (citing *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986)). If a party fails to properly object to the sufficiency of the State's motion at trial, these errors can be forfeited. *Martinez v. State*, 493 S.W.2d 954, 955 (Tex. Crim. App. 1973) (internal citations omitted).

–4–

The objecting party must "let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it." *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)). In determining whether an argument on appeal comports with an objection made at trial, we look to the context of the objection and the shared understanding of the parties at the time. *Lankston*, 827 S.W.2d at 911. A trial court's ruling will not be reversed based on a legal theory that the complaining party did not present to it. *State v. Story*, 445 S.W.3d 729, 732 (Tex. Crim. App. 2014) (citing *Hailey v. State*, 87 S.W.3d 118, 122 (Tex. Crim. App. 2002)).

## III. DISCUSSION

The law is well settled that a party cannot object to the sufficiency of a revocation motion for the first time on appeal. *See, e.g., Vance v. State*, 485 S.W.2d 580, 582 (Tex. Crim. App. 1972) (holding that objections to the sufficiency of the revocation motion cannot be made for the first time on appeal and refusing to consider the merits of appellant's argument even when the court had concerns regarding the sufficiency of the State's motion). Here, the sole complaint in appellant's motion to quash was the court's failure to consider appellant for early release under code of criminal procedure article 42A.701. At the revocation hearing, the trial court attempted to clarify whether appellant objected to anything within the

State's petition specifically, and in response, appellant's counsel repeatedly returned to the argument regarding appellant's early release. Appellant did not assert to the trial court, either in his Motion or in the subsequent hearing, that the contents of the State's petition were defective or insufficient. Nor did he argue, as he does on appeal, that the petition failed to provide him notice "as to the manner and means of his alleged violations of the terms and conditions of community supervision."

Appellant objected to the sufficiency of the State's petition for the first time on appeal. Consequently, he did not preserve this complaint for appellate review. *See Vance v. State*, 485 S.W.2d at 582 (refusing to consider the sufficiency of the revocation motion when urged for the first time on appeal).

## IV. CONCLUSION

We affirm the trial court's judgment.

/Maricela Breedlove/
MARICELA BREEDLOVE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

220371F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BRADLEY SHERMAN
HAYCRAFT, Appellant

No. 05-22-00371-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 199-83184-
2017.
Opinion delivered by Justice
Breedlove. Justices Molberg and
Reichek participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered March 1, 2023