

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00205-CR

_____

JACK H. MEYER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 276th Judicial District Court
Marion County, Texas
Trial Court No. F14162

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Chief Justice Morriss

OPINION

While on deferred adjudication, community supervision, for attempted retaliation, Jack H. Meyer wrote a rather strongly worded letter addressed to the municipal judge of Jefferson, Texas, in connection with a minor offense. As a result of the letter, Meyer's guilt was adjudicated on the underlying offense,[1] and he was sentenced to fifteen months' confinement.

On appeal, Meyer contends that there is insufficient evidence that he threatened to unlawfully harm the municipal judge of Jefferson, and thus insufficient evidence that he committed the offense of obstruction or retaliation. *See* TEX. PENAL CODE ANN. § 36.06 (West 2011). We agree and reverse the judgment of the trial court.

We review the trial court's decision to revoke community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Lively v. State*, 338 S.W.3d 140, 143 (Tex. App.—Texarkana 2011, no pet.). The trial court does not abuse its discretion if the order revoking community supervision is supported by a preponderance of the evidence; in other words, the greater weight of the credible evidence would create a reasonable belief that the defendant has violated a condition of his or her community supervision. *Rickels*, 202 S.W.3d at 763–64; *Lively*, 338 S.W.3d at 143. In conducting our review, we view the evidence in the light most favorable to the trial court's ruling. *Cardona v. State*, 665 S.W.2d 492,

---

[1]The underlying charges were based on allegations that Meyer had personally delivered written threats to harm a state district judge, an investigator for the local district attorney's office, the county attorney, the county clerk, and the court reporter. The State entered a plea agreement with Meyer, and on October 26, 2010, he was placed on deferred adjudication for two years for one count of the reduced offense of attempted retaliation.

2

493 (Tex. Crim. App. 1984); *Lively*, 338 S.W.3d at 143. We must respect the fact-finder's role to evaluate the witnesses' credibility, to resolve conflicts in the evidence, and to draw reasonable inferences; we assume the fact-finder resolved evidentiary issues in a way that supports the judgment. *See Limuel v. State*, 568 S.W.2d 309, 311 (Tex. Crim. App. 1978).

The evidence centers on Meyer's letter to the municipal judge:

This communication is to inform you of your lack of jurisdiction in the matter of *The State of Texas v. Jack H. Meyer* before your court this day. Any presumed jurisdiction of the accuser or court was forfeited as a result of your denying a challenge of jurisdiction by the accused during the pretrial hearing of 7-18-11. Simply put, no court has the authority to establish its own jurisdiction nor does it have the authority to disregard any challenge to its authority. All courts have only to prove jurisdiction or dismiss the case, PERIOD!

Authorities showing this to be fact are attached for your information.

Be aware that any further action, other than dismissal, against Jack H. Meyer will constitute a voluntary violation of his rights. Any order by the court to any law enforcement official, or person, to take any action against Jack H. Meyer will constitute voluntary harassment at a minimum and possibly assault on his person and property, to name only a few violations, depending on action taken and all under color of law.

Be also aware that any infringement on the rights of Jack H. Meyer will be prosecuted to the fullest extent of the law, and suit brought for injury incurred.

Be also aware that any action of an official, agent, or employee of a government entity in excess of authority places that person outside the protection of immunity. That places total responsibility, liability, for any unauthorized activity, and or injury, on the individual person committing the trespass, either directly or as an accessory.

Jack H. Meyer has injured no one and has acted in the past to endure previous injuries to himself in an effort to cause no unwanted trouble for his neighbors and

3

fellow citizens. I have also previously placed myself in the care of my law and Government only to be handed the must injurious violations of our laws. Be aware that this course of action has now come to an end. Come what may is the course I must follow now. We are all obligated to obey the law, no exceptions! Now the chips will fall where they will.

The Sheriff of Marion County has been notified of this condition and given a copy of this notice and evidence. He has also been informed of the probability that you will attempt, at the least, to gain what you wish from Jack H. Meyer by color of law and the violations that they will constitute.

Jack H. Meyer will no longer appear in any court in this matter, his presence is not necessary now that the matter is settled.

Proceed further at your own personal risk!

Meyer argues that the only threats in the letter are warnings of legal action that would result from unlawful actions, should such be taken by the judge. Meyer testified that "remedy of law was the only thing I was referring to."[2]

A person commits [the offense of obstruction or retaliation] if he intentionally or knowingly harms or threatens to harm another by an unlawful act:

> (1) in retaliation for or on account of the service or status of another as a:
>     (A) public servant . . . .[3]

TEX. PENAL CODE ANN. § 36.06(a).

---

[2]Meyer produced six witnesses who had known him for decades. All six testified that they did not know of any danger of harm or threat of harm that would actually be posed by Meyer—that he was a peaceful and intelligent person who had strong opinions and would state them. No person testified that they had any knowledge of him as tending toward violent behavior or physical hostility. The question before us, however, is not whether Meyer might have certain propensities or might have intentionally or knowingly acted, but whether the letter he sent was, or contained, a threat to harm the judge by an unlawful act.

[3]A judge is a public servant. TEX. PENAL CODE ANN. § 1.07(a)(41) (West Supp. 2011).

4

Comments can be evaluated as threats based, not just on the language used, but also the context within which they are uttered, even veiled threats. *Manemann v. State*, 878 S.W.2d 334, 338 (Tex. App.—Austin 1994, pet. ref'd) (post-arrest, telephonic comment, "I know where you work and I'm going to get your ass, m__ f__. So just wait, Bitch. I'm going to get you, Bitch." is threat, under Section 42.07(a)(2) of Texas Penal Code, to inflict serious bodily injury on or commit felony against hearer).

> Whether a particular statement may properly be considered to be a threat is governed by an objective standard—whether a reasonable person would foresee that the statement would be interpreted by those to whom the maker communicates the statement as a serious expression of intent to harm or assault. *United States v. Orozco–Santillan,* 903 F.2d 1262, 1265 (9th Cir. 1990); *United States v. Mitchell,* 812 F.2d 1250, 1255–56 (9th Cir. 1987). The test is whether a threat would justify apprehension by an ordinary hearer, not whether the threat communicated over the telephone caused a particular recipient to actually become apprehensive. *State v. Weippert,* 237 N.W.2d 1 (N.D. 1975). Threats of physical harm need not be directly expressed, but may be contained in veiled statements nonetheless implying injury to the recipient when viewed in all the circumstances. *State v. McGinnis,* 243 N.W.2d 583 (Iowa 1976).

*Id.* at 337; *see also Orozco–Santillan*, 903 F.2d 1262 (telephone communication, "You mother f__er, you will pay for this." was threat, in context of earlier conditional threat at time of arrest, "Take these handcuffs off and I'll kick your f__ing ass."); *Holt v. United States*, 547 A.2d 158 (D.C. App. 1988), *on reh'g en banc*, 565 A.2d 970 (D.C. App. 1989) ("I'm gonna get you, bitch," was felony threat.).

In evaluating Meyer's letter, we focus on the precise threat required to support Meyer's conviction for retaliation under Section 36.06 of the Texas Penal Code. All the threat that is

needed to support this conviction is for Meyer to have threatened harm by an unlawful act. Harm is defined as "anything reasonably regarded as loss, disadvantage, or injury . . . ." TEX. PENAL CODE ANN. § 1.07(25) (West Supp. 2011). Therefore, while one certainly threatens harm if he or she threatens to cause someone bodily injury, a threat of physical injury is not required here. That standard is to be contrasted with other offenses under which the threat must be of a different result. *See*, *e.g.*, TEX. PENAL CODE ANN. §§ 22.07(a) (terroristic threat requires threat to commit "offense involving violence" to "person or property"), 42.07(a)(2) (West 2011) (harassment requires threat of bodily injury or felony).[4]

The evidence supports differing conclusions of the fact-finder concerning whether Meyer threatened the judge with some sort of harm. Where there is conflicting evidence, we must defer to the trial judge as the fact-finder. We conclude that sufficient evidence supports a finding that Meyer threatened harm to the judge.

The missing element of proof, however, in our view, is any evidence that Meyer's letter threatened unlawful action. In his letter, Meyer threatens criminal prosecution and civil actions against those who violate his rights. He warns of their loss of immunity from liability. He, in essence, says, "No more Mr. Nice Guy." He says he has adopted a "come what may" philosophy,

---

[4]To illustrate, where the offense was harassment under Section 42.07(a)(2) of the Texas Penal Code, requiring threat of bodily injury or a felony, and the actual threats were to "never receive salvation . . . and [to] suffer eternally untill [sic] you and he . . . ask forgiveness" and "You're going To Hell WITH JEZABELE [sic]," the appellate court found the evidence of a qualifying threat legally insufficient. *See Wright v. State*, Nos. 12-07-00045-CR, 12-07-00046-CR, 12-07-00047-CR, 2008 WL 5006175, at **2–3 (Tex. App.—Tyler, Nov. 26, 2008, no pet. h.) (mem. op., not designated for publication).

but he moderates even that comment with a statement that everyone is obligated to follow the law. He finishes with a warning that proceeding further will be at the personal risk of the offender—enough to warrant a finding that he threatened harm, at least some personal financial loss—but he stops short of threatening to take unlawful action against the judge or anyone else.

The evidence is insufficient to support the adjudication premised solely on Meyer's committing the offense of obstruction or retaliation. We reverse the trial court's judgment revoking Meyer's community supervision and adjudicating Meyer's guilt, and we remand this case to the trial court for further proceedings consistent with this opinion.[5]

Josh R. Morriss, III
Chief Justice

Date Submitted:     April 12, 2012
Date Decided:      May 3, 2012

Publish

---

[5]*See Bryant v. State*, 355 S.W.3d 926, 932–33 (Tex. App.—Eastland 2011, pet. granted).