

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-12-00066-CR

**TERRY LASHAWN AUSTIN,**

                                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                    **Appellee**


_____


**From the 54th District Court**
**McLennan County, Texas**
**Trial Court No. 2011-950-C2**

_____

## MEMORANDUM  OPINION

_____

The jury convicted Terry Lashawn Austin of the offense of retaliation and assessed his punishment at seven years confinement.  We affirm.

### Sufficiency of Evidence

In his first issue, Austin complains that the evidence is insufficient to support his conviction.  The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011), *cert den'd* , 132 S. Ct. 2712, 183 L.Ed.2d 71 (2012).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

Ismael Hector Torres is a code enforcement officer for the City of Waco. Torres testified that in August 2010, he went to a residence in response to a complaint that someone was living in an accessory structure without water and facilities. The accessory structure was a garage or shed behind the main residence. Austin lived at the main residence, but was not named on the lease agreement. Torres sent a letter to the residence noting the code violations and how to correct the violations. Sometime later, Torres returned to the residence and found that the violations had not been corrected. Torres testified that he spoke with Austin and the man living in the accessory structure and that the man admitted to living in the accessory structure. Torres gave both Austin and the man living in the structure a ticket for the violations.

Torres testified that on February 25, 2011, he received three voice mail messages from Austin on his phone at work. One of the messages was a threatening "rap song." Torres stated that in the messages Austin said he would "come at him," that he was going to "catch a murder case" and "you're gonna get done, son." Torres felt that the messages indicated Austin wanted to kill him. Torres told his supervisor about the messages, and they recorded the messages and took them to the police. Detective John Clark said he spoke with Austin about the messages, and Austin admitted to threatening Torres by saying he would "catch a murder case."

Section 36.06 of the Texas Penal Code provides:

> (a) A person commits an offense if he intentionally or knowingly harms or threatens to harm another by an unlawful act:
> (1) in retaliation for or on account of the service or status of another as a:
> (A) public servant, witness, prospective witness, or informant; or

(B) person who has reported or who the actor knows intends to report the occurrence of a crime; …

TEX. PENAL CODE ANN. § 36.06 (West 2011).

Austin argues that the evidence is insufficient to show that he threatened Torres or that he intended to inhibit Torres's service as a public servant. The threat that is needed to support a conviction under Section 36.06 is for Austin to have threatened harm by an unlawful act. *Meyer v. State*, 366 S.W.3d 728, 731 (Tex. App.—Texarkana 2012, appeal dismissed). Harm is defined as "anything reasonably regarded as loss, disadvantage, or injury...." TEX. PENAL CODE ANN. § 1.07(25) (West Supp. 2012). Austin admitted saying that he would "catch a murder case." Detective Clark testified that "catching a case" means being charged with a criminal offense.

Austin received a citation for code violations and failed to appear in court in reference to the violations. Austin called Torres and left threatening voice mails in response to Torres issuing a citation. A rational fact finder could have found that Austin committed the offense of retaliation. We overrule the first issue.

**Admission of Evidence**

In his second issue, Austin complains that the trial court erred in excluding the testimony of his step-daughter. We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005). "Under an abuse of discretion standard, an appellate court should not disturb the trial court's decision if the ruling was within the zone of reasonable disagreement." *Bigon v. State*, 252 S.W.3d 360, 367 (Tex. Crim. App. 2008).

Jessica McCowan testified that she was present when Torres spoke to Austin about the violations and when he gave Austin the ticket. Austin's trial counsel asked McCowan, "what did Mr. Torres say about the ticket when he gave him the ticket?" The State objected that the question called for hearsay, and the trial court sustained the objection.

Austin argues that he was trying to establish his defense that Torres told him he was getting a warning rather than a ticket. Austin contends that he called and left the messages to ask why there was a warrant when he had only received a warning. Outside the presence of the jury, Austin made an offer of proof to establish McCowan's testimony. Austin's trial counsel asked what Torres said about the ticket when he gave it to Austin, and McCowan replied:

> He told him that it was a warning. And then [Austin] had asked him, did he have to go to court or did he have to pay anything? And [Torres] told him, no, that it was just a warning. But if he came back out, then he would have to show up in court.

Austin argues that the statement was not offered for the truth of the matter asserted and was not hearsay. He contends that the evidence is relevant to show his intent in making the calls to Torres.

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." TEX. R. EVID. 801 (d). A matter asserted "includes any matter explicitly asserted, and any matter implied by a statement, if the probative value of the statement as offered flows from the declarant's belief as to the matter." TEX. R. EVID. 801 (c). The probative value

of the statement is Austin's belief that he did not have to appear in court because he received a warning rather than a ticket.  We do not find that the trial court abused its discretion in sustaining the State's hearsay objection and excluding the statement.  We overrule the second issue.

**Conclusion**

We affirm the trial court's judgment.


AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
        (Chief Justice Gray concurring with a note)*
Affirmed
Opinion delivered and filed February 7, 2013
Do not publish
[CR25]


*(Chief Justice Gray concurs in the judgment to the extent that it affirms the trial court's judgment.  A separate opinion will not issue.)