**Opinion filed April 11, 2019**



## In The

# Eleventh Court of Appeals

_____

## No. 11-17-00109-CR

_____

### BRADLEY THOMAS TIMS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**
**Midland County, Texas**
**Trial Court Cause No. CR48112**

## M E M O R A N D U M   O P I N I O N

Bradley Thomas Tims entered open pleas of guilty to two counts of retaliation. Appellant also pleaded "true" to four prior felony convictions alleged for enhancement purposes. After a unitary trial, the trial court found Appellant guilty on both counts of retaliation and found each enhancement allegation to be true. The trial court sentenced Appellant to confinement for a term of forty years in the Institutional Division of the Texas Department of Criminal Justice for each count.

In one issue on appeal, Appellant contends that the evidence was insufficient to substantiate his guilty pleas. We affirm.

*Background Facts*

Appellant originally appeared for a jury trial on guilt/innocence. After a preliminary discussion concerning punishment and voir dire, Appellant waived his right to a jury trial. The trial court accepted Appellant's waiver of jury trial and proceeded to trial before the trial court. Appellant pleaded guilty to both counts of retaliation. After receiving both guilty pleas, the trial court asked Appellant if he was pleading guilty "because you really are guilty of those counts." Appellant answered in the affirmative to this question. However, the record does not indicate that Appellant was under oath when he made this response. At this point in the proceedings, the trial court began receiving evidence in the case.

Midland Police Officer Aaron Renz testified that he and Officer Jorge Jimenez responded to a reported domestic disturbance. When the officers arrived, Appellant appeared to be "highly intoxicated." After speaking with Appellant's parents and completing the investigation, Officer Renz arrested Appellant for assault family violence. After the officers arrested Appellant, Officer Jimenez placed Appellant in the patrol car because Appellant started to act aggressively. Officer Jimenez testified that Appellant told him "he was going to whoop [his] ass." Officer Jimenez asked Appellant "if that was a threat," to which Appellant replied: "[T]hat was not a threat, it was a promise."

The State offered into evidence in-car videos, and one of those videos included an audio recording from Officer Jimenez's body camera. These recordings captured Appellant's statements to the officers. Once restrained in the back seat of the patrol car, Appellant made the following statements to the officers: (1) "We'll rock, me and you will rock. I'll whip your g-d--- ass, bitch. . . . I'll whip

your g-d-- ass, bitch"; (2) "You've got a smart f-----g mouth, bitch. I'll f-----g stomp your f-----g ass bitch, don't think I won't because I will. I will stomp your f-----g ass in a minute"; and (3) "Next time you grab onto me like that, I'm going to find you somewhere."

Officer Renz asked Appellant if he was threatening a police officer, and Appellant replied: "No, I'm telling you the g-d--- truth." Officer Renz asked Appellant again if he was threatening a police officer, and Appellant responded: "No sir, never, never. You ain't worth it. . . . You ain't worth pissing on." Subsequently, Appellant said, "You and your g-d--- little family, right, f--k you and your family. . . . I'll slap the f-----g s--t out of you bitch." Appellant continued to make similar statements until Officer Renz transferred Appellant to the custody of the jail staff.

Officer Renz testified that he interacts with drunk people on a regular basis but that this incident with Appellant "did, in fact, cross the line" from just mouthing off to actual retaliation. Officer Renz compared Appellant's threats with statements made by other people who have threatened him in the past. Officer Renz explained that, while other individuals simply made their statements and moved on, Appellant "took time to reiterate again that it was not just a passing thought in his mind, that he was going to essentially promise or guarantee that it was going to happen." Officer Renz believed that Appellant expressed an intention to assault Officer Renz and his family. Likewise, Officer Jimenez testified that be believed that Appellant made the statements purposefully to threaten Officer Jimenez. Both officers testified that they believed that arresting Appellant prompted the threats.

*Analysis*

In his sole issue, Appellant contends that the evidence was insufficient to substantiate his guilty plea. Appellant asserts that he did not stipulate to evidence

3

substantiating the pleas or sign a judicial confession and that the State failed to present evidence that a reasonable person would interpret Appellant's statements as a serious expression of intent to harm. Appellant contends that a reasonable person would not interpret Appellant's statements as serious threats because his statements were just drunken ramblings, because he was barely conscious, and because he likely would not remember his statements. We disagree.

A trial court may not render a conviction based upon a guilty plea without sufficient evidence to substantiate the defendant's guilt. TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005); *see Menefee v. State*, 287 S.W.3d 9, 13–14 (Tex. Crim. App. 2009). The State is not required to prove the defendant's guilt beyond a reasonable doubt. *Flores-Alonzo v. State*, 460 S.W.3d 197, 203 (Tex. App.—Texarkana 2015, no pet.); *McGill v. State*, 200 S.W.3d 325, 330 (Tex. App.—Dallas 2006, no pet.). Instead, the supporting evidence must embrace every essential element of the offense charged. *Menefee*, 287 S.W.3d at 13; *Stone v. State*, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996). We will affirm Appellant's conviction if the evidence presented by the State embraces every element of the offense of retaliation. *See Menefee*, 287 S.W.3d at 13.

The evidence to substantiate a guilty plea can take many forms, including a written or oral stipulation of evidence or judicial confession. *Id.* at 13–14. We note that there is no written stipulation of evidence or judicial confession in this case. With respect to an oral stipulation or judicial confession, a guilty plea, in and of itself, does not suffice. *Id.* at 14. Furthermore, Appellant's statement that he was pleading guilty "because [he] really [was] guilty" does not suffice because the record does not reflect that he was under oath when he made the statement. *Id.* at 13. Accordingly, we review the evidence offered at trial to determine if it substantiates Appellant's guilty pleas. We conclude that it does.

4

A person commits the offense of retaliation, as relevant here, if the person intentionally or knowingly threatens to harm another by an unlawful act in retaliation for or on account of the service or status of another as a public servant. TEX. PENAL CODE ANN. § 36.06(a)(1)(A) (West 2016). The central purpose of the retaliation statute is to encourage public servants or other specified individuals to perform vital public duties without fear of retribution. *Doyle v. State*, 661 S.W.2d 726, 729 (Tex. Crim. App. 1983); *Brock v. State*, 495 S.W.3d 1, 16 (Tex. App.—Waco 2016, pet. ref'd). A threat to harm another by "an unlawful act" will support a conviction for retaliation under the statute. *Meyer v. State*, 366 S.W.3d 728, 731 (Tex. App.—Texarkana 2012, no pet.). The statute does not require that the threatened harm be imminent, that the actor actually intend to carry out his threat, or that he take any affirmative steps to carry out the threat. *Brock*, 495 S.W.3d at 16.

Appellant cites *Lofton v. State* for the proposition that "whether a statement constitutes a threat is governed by an objective standard—whether a reasonable person would foresee that the statement would be interpreted by recipient of the statement as a serious expression of intent to harm." *Lofton v. State*, No. 03-15-00475-CR, 2017 WL 3378880, at *8 (Tex. App.—Austin July 31, 2017, no pet.) (mem. op., not designated for publication); *see Brock*, 495 S.W.3d at 17. Appellant contends that a reasonable person would not foresee that Appellant's "drunken ramblings" would be interpreted as a serious threat for some unspecified time in the future. Appellant further asserts that a reasonable person would foresee that Appellant would not remember his "drunken ramblings" by the time that he became sober.

To the extent that Appellant relies on a prediction of how Appellant would behave in the future, we disagree with his analysis. In *Russie v. State*, we determined that the offense of retaliation by threat is complete "as soon as the [defendant] utters

5

the threatening words." *Russie v. State*, No. 11-12-00162-CR, 2014 WL 2810135, at *2 (Tex. App.—Eastland June 12, 2014, pet. ref'd) (mem. op., not designated for publication) (citing *Olivas v. State*, 203 S.W.3d 341, 345 (Tex. Crim. App. 2006) ("a threat occurs, not when the victim perceives the threat, but as soon as the actor utters the threatening words")). Furthermore, the statute does not require that the actor actually intend to carry out his threat or that he take any affirmative steps to carry out the threat. *Brock*, 495 S.W.3d at 16; *see Martin v. State*, No. 09-15-00087-CR, 2017 WL 218270, at *3 (Tex. App.—Beaumont Jan. 18, 2017, pet. ref'd) (mem. op., not designated for publication) (rejecting a claim that "drunken ramblings" did not constitute retaliation because they lacked any intent or ability to act on the threats in the future).

The Austin Court of Appeals subsequently determined in *Graves v. State*, that the "reasonable person" standard did not apply to the offense of retaliation by threat. *Graves v. State*, 03-17-00493-CR, 2018 WL 4140663, at *3 (Tex. App.—Austin Aug. 30, 2018, no pet.) (mem. op., not designated for publication). We need not decide if the "reasonable person" standard applies in this case, however, because even if it does, the evidence offered at trial would permit a reasonable person to interpret Appellant's threats as a serious expression of an intent to harm Officer Renz and Officer Jimenez on account of their service or status as public servants. Both officers testified that they believed that Appellant intentionally threatened to assault them in retaliation for arresting him. Furthermore, Officer Renz testified that he was familiar with dealing with intoxicated individuals and that Appellant's threats were more than just a passing thought because Appellant reiterated that his threatened assaults were going to happen. Finally, the bulk of Appellant's actual threats were presented to the trial court in the form of a recording that was admitted into evidence. This recording permits us to evaluate the verbally abusive content and hostile tone

of Appellant's threats. Although Appellant was "highly intoxicated," we conclude that a reasonable person could interpret Appellant's statements as an intentional or knowing threat to harm the officers on account of their service or status as public servants. We overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the judgments of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE


April 11, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.