

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## 06-20-00012-CR

_____


ROCK ALLEN CONNER, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 3rd District Court
Anderson County, Texas
Trial Court No. 87CR-18-33754


Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

An Anderson County jury found Rock Allen Conner guilty of obstruction or retaliation, a third-degree felony.[1] *See* TEX. PENAL CODE ANN. § 36.06. Conner pled true to the State's enhancement allegation and asked the trial court to set punishment. The trial court suspended Conner's sentence of ten years' imprisonment and $1,000.00 fine in favor of placing Conner on community supervision for ten years. In his sole point of error on appeal, Conner argues that the evidence is legally insufficient to support the jury's verdict of guilt. Because we disagree, we affirm the trial court's judgment.

In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We follow the precedent of the Twelfth Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The "hypothetically correct" jury charge is "one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

An act of obstruction or retaliation occurs "if the person intentionally or knowingly . . . threatens to harm another by an unlawful act . . . in retaliation for or on account of the service or status of another as a . . . public servant." TEX. PENAL CODE ANN. § 36.06(a)(1)(A). Here, the State alleged that Conner "intentionally and knowingly threaten[ed] to harm another, namely Ricki Baker, by an unlawful act, namely assault, in retaliation for or on account of the service of Ricki Baker as a public servant, namely a Police Officer."

Conner argues that the evidence was insufficient to show that his threat was "retaliatory in nature." Such a finding was not required. "[T]he State may plead in the conjunctive and charge in the disjunctive," and "if the proof shows any one of those statutory alternative elements beyond a reasonable doubt, then the evidence is sufficient to support a conviction." *Cada v. State*, 334 S.W.3d 766, 770 (Tex. Crim. App. 2011). Therefore, the State had to prove that (1) Conner (2) either intentionally or knowingly (3) threatened to harm (4) a police officer, (5) by an unlawful act, (6) *either* in retaliation for or on account of Baker's service as a police officer. *See id.* ("[T]he retaliation statute is a good example of the 'Chinese Menu' style of setting out the elements of a

penal offense."). Here, we find sufficient evidence that the threat was made on account of Baker's service as a peace officer.

At 2:00 a.m., uniformed Palestine Police Officers Carlos Mata, John Dougharty, Cody Rice, and Ricki Baker arrived at the scene of a one-vehicle crash where a "pickup truck that had crashed through several different trees and . . . landed upside down off the side of the road in the ditch . . . [was] being held up by one of the trees." Conner, who was trapped inside the vehicle but had no major injuries, thanked the officers for freeing him. Yet, Mata, Dougharty, and Rice testified that Conner's demeanor immediately changed when he recognized Baker at the scene.

Mata, Dougharty, and Rice said that Conner, who was unrestrained, became aggressive and threatened Baker. Rice said that Conner "all of a sudden just went from cursing to calling us names to basically trying to fight everybody." A recording from Mata's body camera and officer testimony showed that Conner used an expletive to describe Baker, told other officers, "Bring that little faggot over here . . . Bring that little punk-ass bitch," resisted advice to calm down, and, referring to Baker, announced, "I'm going to beat the f*** out of that ho." Dougharty testified that Conner's statement that he was going to beat Baker constituted a threat of assault, and Baker testified that Conner "wanted to fistfight and physically assault [him]." After the threat, officers decided to place Conner under arrest for retaliation. Conner resisted arrest but was eventually subdued.

When viewed in a light most favorable to the jury's finding of guilt, we conclude that the record was sufficient for a rational jury to find, beyond a reasonable doubt, that Conner recognized Baker, a uniformed officer, and intentionally or knowingly threatened to harm him by an unlawful

4

act on account of Baker's service as a police officer. *See Brock v. State*, 495 S.W.3d 1, 18 (Tex. App.—Waco 2016, pet. ref'd); *Meyer v. State*, 366 S.W.3d 728, 731 (Tex. App.—Texarkana 2012, no pet.) (For purposes of Section 36.06, "[o]ne certainly threatens harm if he or she threatens to cause someone bodily injury."). As a result, we find the evidence legally sufficient to support Conner's conviction and overrule Conner's sole point of error.

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:    July 31, 2020
Date Decided:    August 6, 2020

Do Not Publish