

**In the**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-22-00171-CR
_____

PAMELA EASTON SHAFFER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 29509

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

Pamela Easton Shaffer appeals the revocation of her felony community supervision and the imposition of a $60.00 reimbursement fee by the trial court. Shaffer asserts that the revocation and sentence to ten years' confinement was unsupported by sufficient evidence. Having reviewed the briefs of the parties and the record before us, we affirm the trial court's judgment.

## I.     Facts

On March 22, 2022, Shaffer pleaded guilty to the offense of driving while intoxicated, third or more. Pursuant to a plea-bargain agreement with the State, the trial court sentenced her to ten years' confinement, probated for a term of ten years, with a condition that she attend and successfully complete a Substance Abuse Felony Punishment Facility (SAFPF) program. The SAFPF program provider discharged Shaffer for numerous reasons, and the State filed a motion to revoke her community supervision.

The sole ground for revocation was that Shaffer failed to complete the SAFPF program. The trial court convened a hearing on November 22, 2022, and Shaffer pleaded "not true" to the allegation. Two witnesses testified: a county community supervision officer and Shaffer. The trial court took judicial notice of its file, and a packet explaining Shaffer's discharge from SAFPF was admitted as an exhibit, without objection.

The gravamen of this appeal is that Shaffer could not adhere to the requirements placed upon her in SAFPF due to a medical condition. While Shaffer testified, she did not present any medical evidence to support her claim.

2

## II. The Evidence is Sufficient

A revocation proceeding is determined by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). "We review the trial court's [determinations] for an abuse of discretion." *Davidson v. State*, 422 S.W.3d 750, 756 (Tex. App.—Texarkana 2013, pet. ref'd) (citing *Meyer v. State*, 366 S.W.3d 728, 729 (Tex. App.—Texarkana 2012, no pet.)). In a revocation hearing, the trial court is the sole trier of the facts and "determines the credibility of the witnesses and the weight to be given to their testimony." *In re T.R.S.*, 115 S.W.3d 318, 321 (Tex. App.—Texarkana 2003, no pet.). A trial court's decision to revoke community supervision and to proceed to adjudication is examined "in the light most favorable to the trial court's [judgment]." *Id.*; *see Davidson*, 422 S.W.3d at 756.

During the hearing, Michelle Williams, a Lamar County Community Supervision and Corrections Department (CSCD) officer, testified that Shaffer was discharged from the SAFPF program for twelve violations. Three of the violations were program violations, seven were for refusing to work, three were for failing to attend counseling, and two were for failing to obey orders.

The transcript of the hearing reveals that Shaffer attempted to rebut the alleged violations with her own testimony concerning physical limitations. However, "[t]he trial court, as the trier of facts. . . may accept or reject all or any part of the witnesses' testimony." *Casey v. State*, 519 S.W.2d 859, 861 (Tex. Crim. App. 1975). Ultimately, the trial court revoked Shaffer's community supervision and imposed a ten-year sentence of confinement. In a light most favorable to the revocation, the evidence of numerous violations and an unsuccessful discharge

3

from the SAFPF program were sufficient to support the trial court's decision to revoke Shaffer's community supervision.

### III.	No Jurisdiction to Consider the Reimbursement Fee

Shaffer next contends that the trial court could not impose a $60.00 reimbursement fee because it was not supported by the prior judgment's bill of costs.

We review the imposition of costs de novo "to determine if there is a basis for the cost." *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). The reimbursement fee is for the Texas Department of Public Safety (TDPS) laboratory analysis. While the original bill of cost and the amended bill of cost do not offer a complete breakdown of the fees imposed, the reimbursement fee was imposed in Shaffer's original plea admonishments, was requested by a petition for reimbursement, and was noted in the order imposing community supervision. It was also noted in the docket entry for the March 22, 2022, hearing. There is no indication in the record that the fee was paid or that it was the subject of any objection during the March plea proceedings. Shaffer did not appeal that issue.

Under generally applied principles, if Shaffer wished to complain of amounts taxed against her through the original order of community supervision, she was required to raise the issue in a timely filed appeal of that order. *See Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999); *Wiley v. State*, 410 S.W.3d 313 (Tex. Crim. App. 2013); *Riles v. State*, 452 S.W.3d 333 (Tex. Crim. App. 2015); *Speth v. State*, 6 S.W.3d 530, 534–35 (Tex. Crim. App. 1999). Accordingly, we have no jurisdiction to consider Shaffer's second claim in this appeal.

## IV.     Conclusion

We affirm the judgment of the trial court.


Charles van Cleef
Justice

Date Submitted:     June 23, 2023
Date Decided:       June 26, 2023

Do Not Publish